

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. 0-3472
Re: Application of the
nepotism statute—
Art. 432, P. C. to
relationship between
school trustee and
(1) brother-in-law of
deceased wife and (2)
nephew of his wife.

We have considered the two questions propounded in your letter of April 25, 1941, as follows:

"In one of our independent school districts we have the following situation:

"A  (trustee) . . . . . married B
C  (employee) . . . . . married D
B and D are sisters, and B the former wife of A the trustee has been dead for several years.

"Now, are A and C so related that if one of them were trustee and the other an applicant for employment that the applicant could not be employed by the other.

"In the same district we also have the following situation:

"A  (trustee)  . . . . . . married B
B  is a sister to . . . . . . . . C
D  is a son of  . . . . . . . . . C
C  has been dead for 25 yrs.

"Are A and D so related that D could not
be employed by the trustees with A as a trustee."

Your two questions may be restated in the following
language:

1. May a school trustee employ the husband of his
deceased wife's sister?

2. May a school trustee employ the nephew of his
wife?

In Opinion No. O-2225, copy of which is enclosed
herewith, we reviewed all the available authorities on the
subject and concluded that under the Texas rule, a person is
related by affinity to the affinities of the spouse. Applying
this rule to your first question, it is apparent that if his
wife (B) were still living, the trustee (A) would be related to
the proposed employee, (C), within the degree of affinity pro-
hibited by Article 432 of the Penal Code of Texas. Under the
authorities cited in our Opinion No. O-1257, copy of which is
enclosed, the relationship by affinity between (A) and (C) would
continue upon the death of the wife, (B), only if issue of this
marriage survive. You do not state whether issue of (A) and
(B) are living, so that we must answer your first question in
the alternative. The employment of (C) is prohibited if there
are issue living of the marriage of (A) and (B), but it is not
prohibited if there are no such issue.

Turning, now to your second question, (D) is related
to (B) in the second degree of consanguinity, and to (A) in the
second degree of affinity. The death of (C) did not affect the
relationship because the blood relationship between (B) and (D)
cannot be affected by the death of intermediate kin. Consequent-
ly, (D) is related to (A) within a degree of relationship for-
bidden by Article 432, Penal Code of Texas, 1925.

APPROVED MAY 8, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

WRK:RS

ENCLOSURES



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN